Filed 5/3/23  P. v. Harper CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081034 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN308840) |
| JULIE ELIZABETH HARPER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed.

Julie Elizabeth Harper, in pro. per.; and Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2015, a jury convicted Julie Elizabeth Harper of second degree murder (Pen. Code,[1] § 187, subd. (a)) and found true an allegation that she personally discharged a firearm causing death or great bodily injury

---

[1]     All further statutory references are to the Penal Code.

(§§ 12022.53, subd. (d) & 12022.5, subd. (a)).  Harper was sentenced to an indeterminate term of 40 years to life in prison.

Harper appealed and this court affirmed the judgment in an unpublished opinion.  (*People v. Harper* (Jan. 5, 2018, D069632).)

In 2022, Harper filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6).

The court appointed counsel, received briefing, reviewed the record of conviction, and held a hearing.  The court found Harper had not presented a prima facie case for relief under section 1172.6 and therefore denied the petition.  The court stated:

> "[T]he Court has examined the record of conviction in this case, which includes the jury instructions that have been given.  The Court did not instruct the jury on any felony murder rule under the natural and probable consequences doctrine, or any other theory of which malice was imputed to [appellant] based on solely on [*sic*] her participation in the crime.
>
> "The Court also has reviewed the verdict forms.  The Court is looking at the verdict form that was filed on October 8, 2015 in which the defendant, [appellant], was found guilty of murder in the second degree, which also included findings pursuant to [section] 12022.53(d).  And I'll quote from that allegation which states  'And we the jury further find that in the commission or attempted commission of the above offense the defendant personally and intentionally discharged a firearm, To wit:  A handgun, and proximately caused the death to a person within the meaning of Penal Code section 12022.53(d).'  That's the finding by the jury in this case, that [appellant] personally discharged a firearm.
>
> "The jury also found true the allegation pursuant to [section] 12022.5(a).  And reading from the verdict forms it states, 'And we the jury find that in the commission or attempted commission of the above offense the defendant

2

personally used a firearm, To wit:  A handgun.  Within the meaning of Penal Code Section 12022.5(a).'

"So based on the verdict forms that were given to the jury and the findings that they returned and the jury instructions, which notably do not contain any felony murder-type theory, the record is clear that the defendant is not entitled to the relief under the statute.  So therefore the petition is denied."

Harper filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to exercise its discretion and independently review the record for error as we would in an appeal under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We grant the request and will review the record consistent with *Wende*.  We offered Harper the opportunity to file her own brief on appeal consistent with *Delgadillo*.  Harper has responded with a supplemental brief.  We will discuss her brief later in this opinion.

In this case, Harper was charged and convicted as the sole perpetrator of the offense, i.e., that she was the actual killer.  As such, the jury was not instructed on the felony murder rule or on the principle of liability as an aider and abettor under the natural and probable consequences doctrine.  We set forth a summary of the facts of the offense in our previous appeal and will therefore omit another statement of facts.

## DISCUSSION

As we have noted, appellate counsel has filed a brief under *Delgadillo* and asks the court to independently review the record for error.  To assist the court, and in compliance with *Anders v. California* (1967) 386 U.S. 738

(*Anders*), counsel has identified two issues which were considered in evaluating the potential merits of this appeal:

1.      Whether Harper established facts sufficient to show a prima facie case for relief such that the court erred by denying the petition without first issuing an order to show cause.

2.      Whether the denial of the petition was prejudicial error.

In her supplemental brief, Harper contends her recital of the standard allegations in the form petition is sufficient to establish a prima facie case for relief. Thus, she argues the court erred in denying the petition without issuing an order to show cause. She also complains about the jury instructions at trial. Fundamentally, Harper contends she acted in self-defense and implicitly should have been convicted of manslaughter. She argues that even though she shot and killed the victim, such act does not demonstrate implied malice in this case.

We understand Harper's desire to avoid the murder conviction based on her claim of self-defense, however, this appeal is from the denial of a petition seeking specific relief under a statutory process for resentencing and does not serve as a vehicle to challenge the jury instructions given at the trial. Harper was not convicted on any of the theories now excluded by Senate Bill No. 1437 or section 1172.6. Her supplemental brief has not raised any arguable issues for reversal of this particular order.

We have independently reviewed the entire record as we would do in a review under *Wende* or *Anders.* We have not discovered any arguable issues for reversal of this order on appeal. Competent counsel has represented Harper on this appeal.

4

DISPOSITION

The order denying Harper's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.